NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0886n.06
Filed: December 7, 2006

No. 06-5024

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KEVIN SMITH and his wife JEANNIE SMITH, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellants, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| WILLIAM MARK FRANK d/b/a FRANKS TRUCKING, and HOME-MART, INC., | ) | M E M O R A N D U M |
| | ) | O P I N I O N |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:    GIBBONS and McKEAGUE, Circuit Judges, and TARNOW, District Judge.\*

PER CURIAM.  Plaintiff-appellant Kevin Smith was injured while helping a trucking company deliver a mobile home he and his wife had just purchased.  Smith alleges his injury was proximately caused by the negligence of the trucking company and/or the negligence of the seller of the mobile home.  The district court awarded summary judgment to both defendants, concluding that neither had breached a duty owed to Smith that could be found to have proximately caused his injury.  On appeal, we affirm.

_____

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I**

On December 6, 2002, Kevin Smith and his wife Jeannie Smith purchased a mobile home from Home-Mart, Inc. Pursuant to the sales agreement, it was Home-Mart's obligation to deliver the mobile home to the Smiths' property in Hardin County, Tennessee. Home-Mart hired Franks Trucking to deliver and set-up the Smiths' mobile home. On December 11, 2002, William Mark Franks, owner of Franks Trucking, and his brother Jimmy Franks brought the mobile home to the Smith property.[1]

William Mark Franks had been to the property earlier to survey the situation with Steve Richardson, co-owner of Home-Mart. He proceeded to direct the delivery and placement of the mobile home in accordance with the understanding he and Richardson had come to. Specifically, he directed the driver of the truck towing the trailer to pull straight up the 75-foot driveway and make a right turn at the end of the driveway, pulling into a farm field, so as to then back the mobile home into a clearing on the left side of the driveway. Franks had observed that the field was wet and soft and anticipated the truck would get stuck and would need "a pull" by a bulldozer, backhoe or tractor. Richardson had reassured him, however, saying that Kevin Smith had whatever equipment might be needed.

Kevin Smith insists this understanding was erroneous. He remembered telling Richardson that the field on the right belonged to his father. He had not told Richardson it would be all right to

---

[1]Although defendant's name is recorded in the caption as "William Mark Frank," and he has not sought to amend the caption, it is apparent from the record that his name is actually "Franks." He is therefore referred to as William Mark Franks in the body of this opinion.

drive into the field, because he thought there would be no need to use the field.  He did not recall any discussion about using additional equipment, if needed. Jeannie Smith recalled that her husband specifically instructed Franks on December 11 to stay out of the field because it was muddy and wet.

Nonetheless, the truck was driven into the field and got stuck.  Kevin Smith was asked about pulling it out.  He did not hesitate: "If you need help, I'll pull you out."  He mounted his tractor and began to help.  During the next three to four hours, the Franks brothers, Smith and Smith's friend, Jim Cummings, all worked together to overcome the mud.  Smith drove one tractor, Cummings another, and, with the aid of log chains, they attempted variously to pull the truck, and then the trailer, and then the truck again, out of the field.  Finally, on one such attempt, after their efforts had yielded only partial success, a chain broke and recoiled forcefully, striking Smith in the head and causing serious injury.  Jimmy Franks recalled that, just prior to the accident, Smith was aggravated and gunned the tractor while there was still slack in the chain, causing it to jerk and then snap. William Mark Franks's recollection is similar.  Smith, on the other hand, recalled that he eased the tractor forward, slowly taking the slack out of the chain before he started the final pull that caused the chain to break.

This action followed.  The Smiths allege William Mark Franks, d/b/a Franks Trucking, was negligent in various ways that proximately caused their injuries, *e.g.*, failing to properly inspect the property, failing to heed Smith's warning not to drive into the muddy field, and enlisting Smith's assistance in an activity that was not only his sole responsibility, but that was also inherently

dangerous.[2]  The Smiths allege Home-Mart, too, was negligent, in failing to properly inspect the home site and negligently directing Franks Trucking to turn right at the end of their driveway instead of left.

Both defendants moved for summary judgment and their motions were granted by the district court. The district court properly viewed the record in the light most favorable to the nonmovants, the Smiths, and determined that the factual differences between the parties were immaterial to disposition of the motions. In short, the district court concluded that neither the ill-advised turn into the wet field nor the request for assistance from Smith was a breach of a duty owed to plaintiffs or a proximate cause of plaintiffs' injuries. On appeal, the Smiths challenge these conclusions, insisting that the record presents triable issues of fact.

## II

### A. Negligence of Home-Mart

The district court construed the Smiths' complaint against Home-Mart as alleging two theories of negligence:  (1) that Home-Mart was negligent in advising Franks Trucking to drive into the wet field; and (2) that Home-Mart was negligent in failing to hire a third party to pull the truck and mobile home out of the field. The district court held that both theories failed as a matter of law for lack of evidence of duty and proximate causation.

There is no dispute regarding the essential elements of a negligence claim under Tennessee law. The district court correctly summarized the relevant standards as follows:

---

[2]Jeannie Smith's claim is for loss of consortium stemming from her husband's injury.

> A claim based on negligence requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Turner v. Jordan*, 957 S.W.2d 815, 818 (Tenn. 1997). Duty is the legal obligation a defendant owes to a plaintiff to exercise reasonable care in order to protect against unreasonable risks of harm. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). The duty of reasonable care must be considered in relation to all the relevant circumstances, and the degree of foreseeability needed to establish a duty of care decreases in proportion to increases in the magnitude of the foreseeable harm. *See Pittman v. Upjohn Co.*, 890 S.W.2d 425, 433 (Tenn. 1994); *Doe v. Linder Constr. Co., Inc.*, 845 S.W.2d 173, 178 (Tenn. 1992). An act or omission will not be considered a proximate cause of an injury if a reasonable person could not have foreseen or anticipated the injury. *McClenahan v. Cooley*, 806 S.W.2d 767 (Tenn. 1991).

Dist. ct. order pp. 5-6, JA 42-43.

Under the sales agreement, Home-Mart assumed responsibility for delivery and set-up of the mobile home. In discharging this responsibility, Home-Mart hired Franks Trucking to perform the delivery and set-up. No representative or agent of Home-Mart was present at the home site on the date of delivery. The district court found, and it is undisputed, that Franks Trucking was an independent contractor. The district court correctly noted that one who hires an independent contractor is ordinarily not liable under Tennessee law, as principal, for damages caused by the contractor's negligence. *See Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 394 (Tenn. 2002). The district court thus held that, since Home-Mart did not retain any right to control the methods of Franks Trucking's performance, it owed the Smiths no duty of care in connection with the delivery – either in regard to advising Franks how to place the home on the lot or in regard to whether the aid of a third party should have been enlisted to pull the truck and mobile home out of the field.

The Smiths have not challenged this holding on the duty element. They focus solely on the district court's proximate cause determination, addressed below. Yet, duty remains an essential element of the Smiths' negligence claim, irrespective of causation. Absent evidence that Home-Mart owed them a duty that was breached, the claim must fail. We find no error in the district court's assessment that Home-Mart owed the Smiths no duty in relation to the manner of delivery.[3] Entry of summary judgment in favor of Home-Mart was therefore proper on this basis alone.

The district court also concluded that, even if Home-Mart breached a duty owed to the Smiths – either by erroneously advising Franks Trucking to drive into the field or by failing to hire a third party to provide the pull which Franks had anticipated needing – neither misfeasance proximately caused the Smiths' injuries. The Smiths object, arguing that, but for such acts of negligence, their injuries would not have occurred.

To carry their burden of establishing proximate causation, the Smiths must prove that "(1) the tortfeasor's conduct [was] a 'substantial factor' in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence had resulted in harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence."

---

[3]A principal can be held liable for harm caused by its independent contractor if the contractor acted pursuant to an order or directions negligently given by the principal. *Givens*, 75 S.W.3d at 394-95. While the present record does arguably support a finding that William Mark Franks, in guiding the truck onto the wet field, acted in accordance with Steve Richardson's directions, there is no evidence that Home-Mart controlled Franks Trucking's performance or that Franks Trucking lacked discretion to depart from Richardson's directions if conditions warranted it. Rather, the record indicates that Richardson's directions were not an "order" at all, but more in the nature of a "suggestion," and that Franks retained the prerogative to deliver and install the mobile home as he saw fit in light of the conditions he faced on the day of delivery. Home-Mart's minimal involvement in the delivery of the mobile home was clearly insufficient to warrant a finding that it owed the Smiths a duty of reasonable care.

*Kellner v. Budget Car and Truck Rental, Inc.*, 359 F.3d 399, 406 (6th Cir. 2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991)). "[P]roximate causation is a jury question unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *Id*. (quoting *McClenahan*, 806 S.W.2d at 775).

Under the facts of this case, no reasonable juror could conclude that Richardson's directions to Franks a day or more before the actual delivery, even if erroneous, were a substantial factor in bringing about the Smiths' injuries or that such injuries should have been anticipated as a reasonably foreseeable consequence of the erroneous directions. As the district court concluded, the link is too tenuous. Nor could any reasonable juror conclude that Home-Mart should have reasonably foreseen that its failure to prohibit Kevin Smith from offering equipment and assistance to the delivery effort was a substantial contributing factor in the causation of the Smiths' injuries.

Viewing the record in the light most favorable to the Smiths, it appears to have been arguably foreseeable to Home-Mart (1) that Franks would follow Richardson's suggestion; (2) that driving the truck into the wet field would cause it to become stuck; (3) that Kevin Smith would offer the use of his equipment, if needed, to extricate the truck; and (4) that Smith, being familiar with the equipment offered, would volunteer to operate it. Still, the record is devoid of evidence to support a finding that Smith's voluntary participation, though foreseeable, posed any probability of personal injury.

The record includes no evidence that Home-Mart had reason to know the equipment likely to be used by Smith to pull the truck was inadequate or that heavy equipment towing is inherently

dangerous. The only evidence relevant to the point suggests that the breaking of the chain and resultant injury to Smith was an unusual occurrence. William Mark Franks, who had been delivering and installing mobile homes for nearly ten years, had never seen a "3/8's log chain" break. Nor had his brother Jimmy Franks.

The Smiths maintain that the risk of harm was manifest by virtue of the sheer combined weight of the vehicles that had to be pulled – estimated to be approximately 28,000 to 32,000 pounds. Yet, they do not explain why this fact should have reasonably been deemed to portend risk of personal injury, rather than simply difficulty or even failure. Further, the argument fails to recognize that despite the weight of the vehicles involved, Smith did, over the course of three to four hours, achieve some measure of success. He and Cummings, with the use of two tractors and chains, were able to move the truck away from the mobile home and move the mobile home to within twenty feet of the home site before the accident occurred. There is no evidence that any risk of personal injury had become manifest during the course of the effort.

No representative of Home-Mart was present at the time of delivery or even aware of the difficulties that ensued. Both William Mark Franks and Kevin Smith were present and better positioned, during three to four hours of effort, to assess the ground conditions and the capabilities and safety of the equipment available. Each of them had discretion to continue or discontinue the effort in the face of any apparent dangers. Home-Mart's role in the delivery of the mobile home was minimal and did not, as a matter of law, constitute a substantial contributing factor in the causation of the Smiths' injuries.

Accordingly, the district court's ruling that the Smiths failed to adduce evidence establishing that any negligence by Home-Mart was a proximate cause of the Smiths' injuries must be upheld.

**B. Negligence of Franks**

The negligence theories asserted against William Mark Franks are similar to those asserted against Home-Mart, *i.e.*, that Franks was negligent in directing his driver to drive into the wet field and in requesting Smith's assistance when the truck got stuck. The district court rejected both theories for lack of evidence of proximate causation. In addition, regarding the latter theory, the court held that Franks had no duty to refrain from asking for help. For the reasons discussed above in relation to the claim against Home-Mart, we find no fault in the district court's analysis. First, as explained above, the causal connection between the decision to drive into the wet field and the Smiths' eventual injuries is too tenuous to be considered "substantial."

The second theory poses an arguably closer question of causation. Yet, again, causation is relevant only if Franks's conduct that allegedly caused the Smiths' injuries was in breach of a duty owed to them. The district court held that Franks had no duty to refrain from asking for help in pulling the truck out of the field. The Smiths have not challenged this ruling and we find no error in it.[4]

---

[4]Whether Franks owed the Smiths a duty is a question of law. *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). "Stated succinctly, a duty of reasonable care exists if defendant's conduct poses an unreasonable and foreseeable risk of harm to persons or property." *McCall v. Wilder*, 913 S.W.2d 150,153 (Tenn. 1995). The record is devoid of evidence to support a finding that Franks's mere request for help posed an unreasonable and foreseeable risk of harm. The record presents no reason to believe the law of Tennessee would, under these circumstances, impose a duty upon a trucking company to impede a purchaser's opportunity to use his equipment to help with the installation of his mobile home on his property.

Further, the district court concluded the request to help with pulling the truck was not a proximate cause of the Smiths' injuries because Kevin Smith voluntarily agreed to help out. The conclusion is not challenged on appeal. Franks's request for help was therefore properly deemed not to be a substantial contributing factor.

Even if the request for help was a factor that led to Kevin Smith's participation in the extrication effort, no reasonable juror could conclude that the request itself was a substantial factor in bringing about the Smiths' injuries. The request was just that, a request. There is no evidence that Kevin Smith's agreement to help was other than a volitional act, an exercise of free will, motivated at least in part by his desire to spare himself additional expenses. As the district court observed, Smith had experience operating the tractor to pull out pieces of equipment and was confident in his ability to help. In light of his apparent familiarity with the demands of the task at hand, there was no reason for Franks to reasonably anticipate that Smith's voluntary participation posed a foreseeable risk of harm.

Entry of summary judgment in favor of Franks was therefore appropriate.

### III

The Smiths were the victims of unusual and unfortunate circumstances. The record presents no basis under the law of Tennessee, however, to impose liability on either of the defendants. Accordingly, the district court's award of summary judgment to both defendants is **AFFIRMED**.